IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  21-00215-CG |
| | ) | |
| ROSEANNA TAYLOR | ) | |

### ORDER AND FORFEITURE MONEY JUDGMENT

This action is before the Court on the United States' Motion for Forfeiture Money Judgment (Doc.15).  Upon consideration, and for the reasons set forth herein, the motion is **GRANTED** and a Forfeiture Money Judgment in the amount of $127,663.26 is entered against Defendant Roseanna Taylor.

Taylor was charged by information for conspiracy in violation of 18 U.S.C. §§ 371 (Count One), wire fraud in violation of 18 U.S.C. § 1343 (Counts Two through Five) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts Six through Eight)  (Doc. 1).  Through a series of financial frauds detailed in the information (Doc. 1) and plea agreement (Doc. 2), Taylor unlawfully obtained loan funds in the amount of $127,663.26.  The Information contained a notice of forfeiture putting Taylor on notice that, pursuant to 18 U.S.C. § 981 (a)(1)(c) and 18 U.S.C. § 982(a)(2)(A) the United States would seek forfeiture of all proceeds obtained as a result of the offenses including, but not limited to, a sum of money equal to $127,663.26.[1]

---

[1] Fed. R. Crim. P. 32.2(a) (". . . The indictment . . . need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.").

Taylor pled guilty to Counts One though Eight (Doc. 9). In the written plea agreement, she agreed "to confess the forfeiture to the United States of all properties which represent proceeds of her criminal activities or which facilitated any aspect of these illegal activities. (Doc. 2, PageID.21). In the factual resume, Taylor admitted that she received $127,663.26 through the fraud scheme. The Court accepted Taylor's plea and she was found guilty (Doc. 9). She is scheduled for sentencing on June 8, 2022. (Doc. 14).

The United States asserts that it could not locate specific property constituting or deriving from the proceeds Taylor received from the offenses and that Taylor no longer has the actual dollars traceable to the loans (Doc. 15). Therefore, the United States seeks a forfeiture money judgment pursuant to 18 U.S.C. §§ 981(a)(1) and 982(a)(2), and Fed. R. Crim. P. 32.2(b)(2), against Taylor in the amount of $127,663.26, representing the total proceeds obtained as the result of the offenses charged in the Information (Id.).

The Federal Rules of Criminal Procedure state that "[a]s soon as practical after . . . a plea of guilty ... is accepted... the court must determine what property is subject to forfeiture under the applicable statute" and that "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed.

R. Crim. P. 32.2(b)(1)(B). "If the district court cannot calculate the total amount of the money judgment before sentencing, Rule 32.2(b)(2)(C) provides that the district court may enter a general forfeiture order against the defendant that, inter alia, 'states that the order will be amended under Rule 32.2(e)(1) when ... the amount of the money judgment has been calculated.'" *United States v. Mincey*, 800 Fed. Appx. 714, 726 (11th Cir. 2020).[2]

Here, however, the Court can calculate the total amount of the money judgment before sentencing. Taylor pled guilty to Counts One through Eight of the Information, which offenses resulted in illegal proceeds being received by Taylor in the amount of $127,663.26.

Accordingly, upon consideration of the Information, Taylor's written plea agreement and factual resume, plea of guilty to the offense, and the United States' motion, it is **ORDERED, ADJUDGED, AND DECREED**, as follows:

1) The United States is entitled to, pending possible appeal herein, the property subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), and Rule 32.2(b)(2), which includes but is not limited to a money judgment in the amount of $127,663.26 as a result of Taylor's violation of 18 U.S.C. §§ 371, 1343, and 1028A(a)(1);

---

[2] Citing Fed. R. Crim. P. 32.2(b)(2)(C)(iii); *see id.*, advisory committee's note to 2009 amendment (explaining that Rule 32.2(b)(2)(C) authorizes a court "to issue a forfeiture order describing the property in 'general' terms, which order may be amended pursuant to Rule 32.2(e)(1) when additional specific property is identified")).

2) A Forfeiture Money Judgment in the amount of $127,663.26 in United States currency is entered against Defendant Taylor, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), and in favor of the United States of America, which sum represents proceeds traceable to the offense of conviction; Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Forfeiture Money Judgment shall become final as to Taylor at the time of sentencing and shall be made part of the sentence and included in the Judgment; and

3) In accordance with 21 U.S.C. § 853(m) and Fed. R. Crim. P. 32.2(e) the United States is authorized to undertake whatever discovery may be necessary to identify, locate, or dispose of substitute assets to satisfy the money judgment. The United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e) to amend this Order to include substitute property having a value not to exceed $127,663.26 to satisfy the money judgment, in whole or in part.

The Court shall retain jurisdiction to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the Forfeiture Money Judgment, pursuant to Fed. R. Crim. P. 32.2(e). Pursuant to Fed. R. Crim. P. 32.2(c)(1), "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

**DONE** and **ORDERED** this 30th day of March 2022.

                                  /s/ Callie V. S. Granade
                                SENIOR UNITED STATES DISTRICT JUDGE